IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II,<br><br>Petitioner,<br><br>vs.<br><br>JAMES P. REYNOLDS,<br><br>Respondent. | Cause No. CV 19-78 -H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on documents filed by state pro se Petitioner Wayne A. Hussar. (Docs. 1, 1-1) The Court has construed Hussar's filing as a for writ of habeas corpus under 28 U.S.C. § 2254.

Hussar asks this Court to review a decision by the Montana Supreme Court denying his request for an out-of-time appeal. Hussar claims the Montana Supreme Court's denial of his "multi-case appeal" was illegal. (Doc. 1.)

## I. Motion to Proceed in Forma Pauperis

Hussar seeks leave of the Court to proceed in forma pauperis. (Doc. 2.) After reviewing the motion and supporting account statement, it appears Hussar has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

1

## II.  Background

The Montana Supreme Court explained the procedural history of Hussar's state case as follows:

> [Hussar] has filed an appeal, purportedly from the order entered by the First Judicial District Court, Lewis and Clark County, on December 12, 2018, which addressed numerous pleadings filed by Hussar in five different causes before the court.  The content of Hussar's appellate arguments concern his convictions by guilty plea of felony assault on a peace officer or judicial officer, and of misdemeanor partner or family member assault in District Court Cause No. DDC-2017-167.  Our review is limited to this matter, wherein judgment was entered on January 29, 2018.  Several pleadings filed by Hussar in the District Court arguably addressed these convictions, including a motion to withdraw his plea denied by the court on October 19, 2018, and as described by the District Court, a "claimed petition for post-conviction relief" that the court summarily denied as failing to comply with statutory requirements governing such petitions, within its order of December 12, 2018.

*State v. Hussar*, 2019 MT 224N, ¶ 2 (Mont. Sept. 17, 2019).[1]  The Court noted Hussar appeared to be attempting to challenge his January 2018 judgment of conviction under the guise of appealing the state district court's December 2018 order; Hussar's previously filed petition for an out-of-time appeal had been denied by the Supreme Court.  *Id.* at ¶ 3.  Ultimately the Court determined that even if is were to construe Hussar's pleading as timely, he failed to establish a basis for relief.  *Id.* at ¶ 4.  The Court affirmed the dismissal of Hussar's requests for relief.

---

[1] All state court briefing and orders available at: https://appecm.mt.gov/ (accessed November 19, 2019).

*Id*. at ¶ 4.

### III. 28 U.S.C. § 2254 Petition

This Court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner… and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases.

But rather than advancing a federal constitutional violation, Hussar is asking this Court to sit in direct review of the Montana Supreme Court's recent decision denying him relief.[2] But this Court is not able to review a decision of the Montana Supreme Court as suggested by Hussar. Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); see

---

[2] Hussar has another habeas petition currently pending before this Court. See, *Hussar v. Green*, CV-19-64-H-DLC-JTJ, Am. Pet. (filed Oct. 10, 2019). Read broadly, in that matter Hussar alleges trial counsel provided ineffective assistance and that his conviction of assault on an officer is not supported by sufficient evidence.

also, *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions"). This Court lacks jurisdiction to act in the manner suggested by Hussar. Accordingly, the petition should be dismissed.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because this Court has neither the ability nor the jurisdiction to directly review state court decisions. There are no close questions and there is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

//

## ORDER

Mr. Hussar's application for leave to proceed in forma pauperis (Doc. 2) is GRANTED.  The Clerk of Court is directed to waive payment of the filing fee.

## RECOMMENDATION

1. Mr. Hussar's Petition (Doc. 1) should be DISMISSED.

2. The Clerk of Court should be directed to enter a judgment in favor or Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hussar may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 20th day of November, 2019.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Hussar is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.